IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| DR. JAMES SUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-CV-01072-BCW |
| | ) | |
| SHINHAN DIAMOND INDUSTRIAL | ) | |
| CO., LTD, and DITEQ CORPORATION | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS AND SUGGESTIONS IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff Dr. James Sung hereby files this Motion to Dismiss Defendants Shinhan Diamond Industrial Co., LTD and Diteq Corporation's Counterclaims. Defendants' counterclaims raise legal and factual issues that are entirely duplicative of the issues already before the Court through Plaintiff's Complaint and Defendants' own affirmative defenses. As such, Defendants' counterclaims are redundant, they serve no useful purpose, and they should be dismissed.

### I.  FACTUAL BACKGROUND

On November 1, 2013, Plaintiff filed his Complaint for Patent Infringement against Defendants. [Doc. 1.] Plaintiff is the named inventor and owner of all rights, title, and interest to the five patents-in-suit. [*Id.* at 1.] Plaintiff alleges that Defendants infringe the patents-in-suit by making, using, offering to sell, and/or selling within, and/or importing into the United States diamond tools that utilize technologies covered by the patents-in-suit. [*Id.* at 6.]

On January 31, 2014, Defendants filed their Answer to Complaint and Counterclaims. [Doc. 20.] In their Answer, Defendants denied Plaintiff's allegations and raised affirmative

1

defenses of non-infringement and invalidity with respect each of the five patents-in-suit. [*Id.* at 8-10.] In addition, Defendants asserted counterclaims seeking a declaratory judgment of non-infringement and invalidity for each of the five patents-in-suit. [*Id.* at 12-16.] In other words, Defendants' affirmative defenses and counterclaims for declaratory judgment request identical relief.

## II. ARGUMENT

The Declaratory Judgment Act provides, in relevant part: "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls, Co.*, 515 U.S. 277, 286 (1995). "If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action." *Id.* at 288.

"Numerous courts have used their discretion under the Declaratory Judgment Act to dismiss or strike redundant counterclaims." *Gratke v. Andersen Windows, Inc.*, 2010 WL 5439763, at *2 (D. Minn. Dec. 8, 2010). "'When deciding whether to dismiss a counterclaim as redundant, courts consider whether the declaratory judgment serves a useful purpose.'" *PNC Bank, N.A. v. El Tovar, Inc.*, 2014 WL 5238810, at *13 (E.D. Mo. Feb. 11, 2014) (quoting *Great Lakes Gas Transmission L.P. v. Essar Steel Minn., LLC*, 871 F. Supp.2d 843, 862 (D. Minn. 2012)). This requires the court to determine whether resolution of the plaintiff's claims and the defendant's affirmative defenses will resolve all questions raised by the counterclaims. *Id.* "'When a counterclaim for declaratory relief brings into question issues that already have been

presented in plaintiff's complaint and defendant's answer to the original claim,' courts often exercise their discretion to dismiss the counterclaim." *Id.* (quoting 6 Charles A. Wright, et al., *Federal Practice and Procedure* § 1406 (3d ed. 1998)).  As one court put it, "[a] redundant declaratory judgment is not a proper declaratory judgment and should be dismissed." *Mille Lacs Band of Chippewa Indians v. State of Minnesota*, 152 F.R.D. 580, 582 (D. Minn. 1993).

In patent infringement cases, district courts may exercise jurisdiction over counterclaims for declaratory judgment of non-infringement and invalidity.  *See Altvater v. Freeman*, 319 U.S. 359, 363 (1943) ("the issue of validity may be raised by counterclaim in an infringement suit").  That courts may exercise jurisdiction over such counterclaims, however, in no way diminishes their discretion to dismiss such counterclaims as redundant.  *See Scruggs v. Casco Corp.*, 32 F. Supp. 625, 625 (D. Conn. 1940) (dismissing counterclaim for declaratory judgment of non-infringement and invalidity because "the controversy framed by the counterclaim of the defendant is precisely that set forth in the plaintiff's complaint"); *see also Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 269 F. Supp.2d 1213, 1226 (C.D. Cal. 2003) (dismissing counterclaim for declaratory judgment of copyright misuse because it was duplicative of affirmative defense of copyright misuse).  The rationale behind allowing counterclaims for declaratory judgment of non-infringement and invalidity "seems to rest on the fact that a holding of noninfringement may not determine whether the patent meets the statutory requirements for validity, and in many situations it is important that defendant be able to obtain a declaration of the patent's status."  6 Charles Wright, et al., *Federal Practice and Procedure* § 1406 (3d ed. 1998).  This is plainly not a concern when the defendant has already raised non-infringement and invalidity as affirmative defenses to the plaintiff's claims of infringement.

3

Case 4:13-cv-01072-BCW   Document 24   Filed 02/21/14   Page 3 of 5

Here, it is beyond dispute that Defendants' counterclaims are wholly duplicative of their affirmative defenses. Through their affirmative defenses, Defendants seek a judgment that: (1) all the patents-in-suit are invalid; and (2) Defendants do not infringe any of the patents-in-suit. Through their counterclaims, Defendants seek the exact same relief. To be sure, Defendants do not raise a single legal or factual issue in their counterclaims that they do not also raise in their affirmative defenses. Because resolution of Plaintiff's claims and Defendants' affirmative defenses will necessarily resolve all questions raised by Defendants' counterclaims, the counterclaims serve no useful purpose in this litigation and they should be dismissed.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court dismiss Defendants' counterclaims.

Dated: February 21, 2014

MORRIS, LAING, EVANS, BROCK, & KENNEDY, CHARTERED

s/ Julia Gilmore Gaughan
Julia Gilmore Gaughan, MO # 60724
Lucas C. Wohlford, KS # 25798
800 S.W. Jackson, Suite 1310
Topeka, KS 66612
Phone: (785) 232-2662
Fax: (785) 232-9983
Email: jgaughan@morrislaing.com
Email: lwohlford@morrislaing.com

Robert W. Coykendall, KS # 10137
Will B. Wohlford, KS #21773
300 N. Meade, Suite 200
Wichita, KS 67202
Phone: (316) 262-2671
Fax: (316) 262-6226
Email: rcoykendall@morrislaing.com
Email: wwohlford@morrislaing.com

**CERTIFICATE OF SERVICE**

      The undersigned does hereby certify that a true and correct copy of the foregoing was filed electronically on this 20th day of February, 2014with the United States District Court for the Western District of Missouri, and shall be served on parties in interest via email by the Court pursuant to CM/ECF as set out on the Notice of Electronic Filing as issued by the Court and shall be served by U.S. mail, First Class, postage prepaid on those parties directed by the Court on the Notice of Electronic Filing issued by the Court.

      s/Julia Gilmore Gaughan