IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DR. JAMES SUNG,<br><br>              Plaintiff,<br><br>   v.<br><br>SHINHAN DIAMOND INDUSTRIAL CO., LTD,<br>and DITEQ CORPORATION,<br><br>              Defendants. | Case No. 13-CV-01072-BCW |

**DEFENDANTS SHINHAN DIAMOND INDUSTRIAL CO., LTD.
AND DITEQ CORPORATION'S SUGGESTION IN OPPOSITION TO PLAINTIFF'S
MOTION TO DISMISS COUNTERCLAIMS**

## TABLE OF CONTENTS

                                                                   **Page**

I. INTRODUCTION ............................................................................................................. 1

II. BACKGROUND OF RELEVANT FACTS ...................................................................... 1

III. LEGAL STANDARD ....................................................................................................... 2

IV. ARGUMENT ..................................................................................................................... 3

      A. Defendants Have Compelling Reasons To Obtain Legal Adjudication Of The Issues Of Validity And Infringement. ............................................................. 3

      B. Defendants Have The Right To Assert Counterclaims For Non-Infringement And Invalidity In Patent Litigation. ................................................... 4

            1. The Counterclaims Will Ensure An Adjudication Of Key Issues. .............. 6

            2. The Counterclaims Protect Against Plaintiff's Voluntary Withdrawal Of The Complaint. ................................................................. 9

            3. It Is Too Early To Assess How The Pending California Lawsuit May Affect This Litigation. ........................................................................ 10

V. CONCLUSION ................................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aetna Life Ins. Co. v. Haworth*,
    300 U.S. 227 (1937) ..................................................................................................... 2

*Altvater v. Freeman*,
    319 U.S. 359 (1943) ............................................................................................. 4, 7, 8

*Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*,
    790 F. Supp. 2d 1024 (N.D. Cal. 2011) ..................................................................... 8

*Apple, Inc. v. Psystar Corp.*,
    No. C 08-03251, 2009 U.S. Dist. LEXIS 14370 (N.D. Cal. 2009) ........................... 8

*Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*,
    345 F.3d 1318 (Fed. Cir. 2004) .................................................................................. 5

*Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*,
    846 F.2d 731 (Fed. Cir. 1988) .................................................................................... 4

*ASM Am., Inc., v. Genus, Inc.*,
    401 F.3d 1340 (Fed. Cir. 2005) .................................................................................. 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................... 2

*Benz v. J. Laskin & Sons Corp.*,
    43 F. Supp. 799 (E.D. Wis. 1942) ............................................................................. 8

*Burgess & Assocs., Inc. v. Klingensmith*,
    487 F.2d 321 (9th Cir. 1973) ..................................................................................... 7

*Cardinal Chem. Co. v. Morton Int'l, Inc.*,
    508 U.S. 83 (1993) ........................................................................................... 2, 4, 5, 8

*Dominion Elec. Mfg. Co. v. Edwin L. Wiegand Co.*,
    126 F.2d 172 (6th Cir. 1942) ........................................................................... 2, 6, 9, 10

*Echostar Satellite LLC v. Freetech Inc.*,
    No. C 07-06124, 2008 U.S. Dist. LEXIS 123261 (N.D. Cal. 2008) ........................ 8

*England v. Deere & Co.*,
    158 F. Supp. 904 (N.D. Ill. 1958) .......................................................................... 2, 6

*Evident Corp. v. Church & Dwight Co.*,
399 F.3d 1310 (Fed. Cir. 2005) ................................................................................................5

*Hark'n Tech., Ltd. v. Greater Performance, Inc.*,
No. 1:06CV77, 2007 U.S. Dist. LEXIS 49587 (N.D. Utah 2007) ...........................................5

*Hofstadter v. Ruderman*,
118 F. Supp. 477 (S.D.N.Y. 1953) ..............................................................................4, 6, 7, 9

*Kalo Inoculant Co. v. Funk Bros Seed Co.*,
161 F.2d 981 (7th Cir. 1947) .....................................................................................................6

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster*, Ltd.,
269 F. Supp. 2d 1213 (C.D. Cal. 2003), *aff'd*, 380 F.3d 1154 (9th Cir. 2004),
*vacated on other grounds and remanded to* 545 U.S. 913 (2005) .......................................8, 9

*MRSI Int'l, Inc. v. Bluespan, Inc.*,
No. 2:05CV00896, 2006 U.S. Dist. LEXIS 68891 (C.D. Utah 2006) ......................................5

*Novozymes A/S v. Dupont Nutrition Biosciences APS*,
723 F.3d 1336 (Fed Cir. 2013) ..................................................................................................5

*Oneida Tribe of Indians of Wis. v. Village of Hobart*,
500 F. Supp. 2d 1143 (E.D. Wis. 2007) ....................................................................................8

*Pozen Inc. v. Par Pharm., Inc.*,
696 F.3d 1151 (Fed. Cir. 2012) .................................................................................................5

*The Proctor & Gamble Co. v. CAO Grp., Inc.*,
No. 1:13-cv-337, 2013 U.S. Dist. LEXIS 136675 (S.D. Ohio 2013) ...............................2, 3, 9

*Q-Pharma, Inc. v. Andrew Jergens Co.*,
360 F.3d 1295 (Fed. Cir. 2004) .................................................................................................5

*Scruggs v. Casco Corp.*,
32 F. Supp. 625 (D. Conn. 1940) .........................................................................................7, 8

*Trico Prods. Corp. v. Anderson Co.*,
147 F.2d 721 (7th Cir. 1945) .................................................................................................6, 7

*Who Dat, Inc. v. Rouse's Enters., LLC*,
No. 12-2189, 2013 U.S. Dist. LEXIS 13190 (E.D. La. 2013) ...................................................5

**Page(s)**

**STATUTES & CODE**

28 U.S.C. § 2201 ................................................................................................................2

FED. R. CIV. PROC. 12(b)(6) ........................................................................................ 1, 2

FED. R. CIV. PROC. 41 .......................................................................................................9

**OTHER AUTHORITIES**

6 CHARLES ALAN WRIGHT, ET AL.,
    FEDERAL PRACTICE AND PROCEDURE § 1406 (3d ed.) ........................................ 4, 5, 8

## I. INTRODUCTION

Despite the well-established, persuasively reasoned and virtually unanimous case authority holding that a defendant may assert counterclaims for invalidity or non-infringement in a patent lawsuit, Plaintiff argues that early Rule 12 dismissal of the counterclaims is warranted in this case simply because they are "duplicative" and "redundant" of Defendants' affirmative defenses. Such an argument finds no support in current legal authority and misunderstands the important purposes the counterclaims have in this action: they ensure that the Defendants will obtain a legal adjudication of the critical issues of invalidity or non-infringement—key legal findings that will guide Defendants in lawfully conducting their business activities—independent and regardless of how Plaintiff's case in chief is disposed of. Defendants' counterclaims thus serve a recognized and universally accepted "useful purpose" and should not be subject to dismissal for failure to state a claim.

## II. BACKGROUND OF RELEVANT FACTS

On November 1, 2013, Plaintiff Dr. James Sung filed his Complaint for Patent Infringement ("Complaint") in this matter against Defendants Shinhan Diamond Industrial Co., Ltd. ("Shinhan Diamond") and Diteq Corporation ("Diteq," and collectively together with Shinhan Diamond, "Defendants"). (Dkt. No. 1.) Plaintiff alleges that Defendants infringe Plaintiff's U.S. Patent Nos. 6,039,641, 6,286,498, 6,679,243 and 6,193,770 through Defendants' ARIX product line of diamond tools. (*Id.* at 6–15.) Through his Complaint, Plaintiff requests that the Court adjudge that Defendants have infringed the patents at issue. (*Id.* at 16.)

Defendants filed their Answer to Complaint and Counterclaims on January 31, 2014 ("Answer"). (Dkt. No. 20.) In their Answer, Defendants asserted defenses of non-infringement and invalidity of the at-issue patents, and among other defenses, also asserted defenses of estoppel, dedication to the public, and laches. (*Id.* at 10.) Defendant also filed counterclaims

1

against Plaintiff, asserting that they are entitled to a declaratory judgment that the patents at issue are invalid and/or that Defendants are not infringing the patents. (*Id.* at 12–16, 17.)

Plaintiff filed his Motion to Dismiss Defendants' Counterclaims, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on February 21, 2014. (Dkt. No. 24.)

### III. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." FED. R. CIV. PROC. 12(b)(6). To survive a motion to dismiss, a complaint (here Defendants' counterclaims) need only contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A party seeking a declaratory judgment has the burden of establishing the existence of an actual case or controversy. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–241 (1937). However, where, as here, "a party has actually been charged with infringement of a patent, there is, *necessarily,* a case or controversy adequate to support jurisdiction of a complaint or counterclaim under the [Declaratory Judgment] Act." *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 96 (1993) (emphasis in original).

It is "well settled that where a real controversy exists, a counterclaim for declaratory relief will not be dismissed merely because it repeats matters alleged in the answer as affirmative defenses to the complaint." *England v. Deere & Co.*, 158 F. Supp. 904, 905 (N.D. Ill. 1958). While a court has discretion to dismiss a counterclaim that is identical to an affirmative defense, such discretion "must find its basis in good reason," and "courts generally caution against dismissal of counterclaims as redundant simply because they concern the same subject matter or arise from the same transaction as the complaint." *See Dominion Elec. Mfg. Co. v. Edwin L. Wiegand Co.*, 126 F.2d 172, 175 (6th Cir. 1942) (citation omitted); *The Proctor & Gamble Co. v. CAO Grp., Inc.*, No. 1:13-cv-337, 2013 U.S. Dist. LEXIS 136675, at *17 (S.D. Ohio 2013)

2

(citation omitted). The proper inquiry is whether the counterclaims "serve any useful purpose." *The Proctor & Gamble Co.*, 2013 U.S. Dist. LEXIS 136675, at *18 (citation and quotation omitted).

## IV. ARGUMENT

The counterclaims asserted by Defendants serve a useful and important purpose in this lawsuit: they ensure that Defendants will obtain a legal adjudication of the key issues of patent invalidity or non-infringement, which will necessarily guide how they conduct their businesses going forward. Contrary to Plaintiff's argument, a legal determination of either of these issues is not guaranteed by the non-infringement and invalidity defenses asserted by Defendants for two primary reasons: (i) resolution of the Plaintiff's claims may not necessarily involve a legal determination of patent non-infringement or especially, patent invalidity; and (ii) Plaintiff may be able to strategically voluntarily withdraw the claims prior to adjudication, leaving the issues of non-infringement and invalidity unresolved. Now that Plaintiff has asserted infringement of his patents, the counterclaims ensure Defendants' ability to "clear the air" over their products, even if Plaintiff is able otherwise to withdraw his claims.

Further, Defendants' pending lawsuit in California should not factor into the Court's analysis because it is too early to determine how, if at all, that lawsuit may affect any of the issues in this litigation. Accordingly, Defendants' counterclaims should not be dismissed as a matter of law, and they should be permitted to prosecute their counterclaims in this lawsuit.

### A. Defendants Have Compelling Reasons To Obtain Legal Adjudication Of The Issues Of Validity And Infringement.

There is little question that Defendants have a significant interest in obtaining a legal determination of the scope of the monopoly, if any, of the patents in issue. Given that Plaintiff has publicly accused Defendants' ARIX products of infringement, Defendants are entitled to

know if and how the patents at issue may legally circumscribe their business activities now and in the future. Without specific findings regarding validity and infringement in this lawsuit, the patents at issue will hang a "Damoclean threat" over Defendants' ability to freely operate their business and market the accused products. *See Cardinal Chem.*, 508 U.S. at 95–96 ("After the [Declaratory Judgment] Act, . . . competitors were no longer restricted to an *in terrorem* choice between the incurrence of a growing potential liability for patent infringement and abandonment of their enterprises; they could clear the air by suing for a judgment that would settle the conflict of interests.") (citing *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 734–35 (Fed. Cir. 1988)).

Of further concern is that the mere existence of, and questions raised by, this patent infringement lawsuit can materially and adversely affect Defendants' relationships with their existing and prospective customers and vendors, even if Plaintiff withdraws them without prejudice, as that doubt among customers may remain hanging. *See Hofstadter v. Ruderman*, 118 F. Supp. 477, 479 (S.D.N.Y. 1953) ("'[I]nsecurity' and 'peril' may be created by the mere filing of an infringement suit with its attendant notice of pendency brought home to defendant's potential customers in the official publications of the United States Patent Office."). Thus, obtaining a legal determination of the invalidity and/or non-infringement of Plaintiff's patents is of utmost importance to Defendants.

## B. Defendants Have The Right To Assert Counterclaims For Non-Infringement And Invalidity In Patent Litigation.

It is well established that defendants in patent infringement lawsuits have the right to file counterclaims for declaratory judgments of non-infringement and/or invalidity. "[I]n the field of patent litigation the federal courts almost unanimously have held that when plaintiff's claim is for patent infringement, defendant may counterclaim for a declaration of the invalidity or non-

4

Case 4:13-cv-01072-BCW   Document 26   Filed 03/10/14   Page 9 of 17

infringement of the patent." 6 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1406 (3d ed.). "Indeed, the Supreme Court *conclusively held* in *Altvater v. Freeman* that: '[T]he issue of validity may be raised by a counterclaim in an infringement suit.'" *Id.* (internal footnote omitted) (emphasis added) (citing *Altvater v. Freeman*, 319 U.S. 359, 363 (1943)). The Supreme Court more recently affirmed this proposition in *Cardinal Chem.*:

> "If . . . a party has actually been charged with infringement of the patent, there is, *necessarily*, a case or controversy adequate to support jurisdiction of a complaint, or a counterclaim, under the [Declaratory Judgment] Act . . . therefore, it is perfectly clear that the District Court had jurisdiction to entertain [defendant's] counterclaim for a declaratory judgment of invalidity."

508 U.S. at 96 (emphasis in original). Unlike cases that do not involve patents or trademarks, "intellectual property cases present a unique opportunity for a defendant to seek affirmative relief in the form of declaratory judgment counterclaims." *Who Dat, Inc. v. Rouse's Enters., LLC*, No. 12-2189, 2013 U.S. Dist. LEXIS 13190, at *13–14 (E.D. La. 2013) (holding that unlike patent cases, cases decided in a non-intellectual property context have "little persuasive value"). Accordingly, courts have consistently declined to dismiss declaratory judgment counterclaims in patent and trademark cases on grounds that they are "duplicative" or "mirror images" of claims and defenses in the action. *See, e.g., id.* at *10–14; *MRSI Int'l, Inc. v. Bluespan, Inc.*, No. 2:05CV00896, 2006 U.S. Dist. LEXIS 68891, at *3–7 (C.D. Utah 2006); *Hark'n Tech., Ltd. v. Greater Performance, Inc.*, No. 1:06CV77, 2007 U.S. Dist. LEXIS 49587, at *1–2 (N.D. Utah 2007).

The right to file declaratory relief counterclaims in modern patent litigation is so universally accepted that it is common, if not the prevailing practice, for defendants to assert such counterclaims. *See, e.g., Novozymes A/S v. Dupont Nutrition Biosciences APS*, 723 F.3d 1336, 1337 (Fed Cir. 2013); *Pozen Inc. v. Par Pharm., Inc.*, 696 F.3d 1151, 1159 (Fed. Cir. 2012); *ASM Am., Inc., v. Genus, Inc.*, 401 F.3d 1340, 1341 (Fed. Cir. 2005); *Evident Corp. v.*

*Church & Dwight Co.*, 399 F.3d 1310, 1312 (Fed. Cir. 2005); *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1297–1298 (Fed. Cir. 2004); *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, 345 F.3d 1318, 1323–24 (Fed. Cir. 2004).

### 1. The Counterclaims Will Ensure An Adjudication Of Key Issues.

Counterclaims for declaratory relief are warranted in patent lawsuits because the defendant "has a right to know whether what it is doing violates any valid claim of plaintiff's patent" and "has a right to know whether the product it does distribute infringes any valid claim." *Kalo Inoculant Co. v. Funk Bros Seed Co.*, 161 F.2d 981, 990–91 (7th Cir. 1947); *see also Trico Prods. Corp. v. Anderson Co.*, 147 F.2d 721 (7th Cir. 1945) (counterclaims for invalidity and non-infringement allowed to proceed in patent infringement lawsuit); *England*, 158 F. Supp. at 905 (same); *Hofstadter*, 118 F. Supp. at 479 (same).

Counterclaims of non-infringement and invalidity thus ensure that Defendants' legal rights are adjudicated *vis-a-vis* the patents at issue:

> [M]ere dismissal of a plaintiff's bill does not always adjudicate every aspect of the controversy or give the defendant all the relief to which he may be entitled. To illustrate: It frequently happens that the court, in a patent or trademark infringement suit, finding the defendant innocent of infringement, deems it unnecessary to determine issues of title, validity, or the scope of the patent claims. One defendant exonerated of infringement claims may be content with such adjudication—another may not. . . . [M]ere exoneration from infringement does not always meet the necessities of a wrongfully accused defendant. His activities are still circumscribed by the monopoly based on the patent grant.

*Dominion Elec. Mfg.*, 126 F.2d at 174–175; *see also Trico Prods.*, 147 F.2d at 722; *England*, 158 F. Supp. at 905; *Hofstadter*, 118 F. Supp. 477 at 479.

Plaintiff seemingly acknowledges that the rationale for allowing Defendant to file counterclaims for non-infringement and invalidity "seems to rest on the fact that a holding of infringement may not determine whether the patent meets the statutory requirements for validity, and in many situations it is important that defendant be able to obtain a declaration of the

6

patent's status" (Dkt. No. 24 at 3), yet misses the point entirely by arguing that "[t]his is plainly not a concern when the defendant has already raised non-infringement and invalidity as affirmative defenses to the plaintiff's claims of infringement." (*Id.* at 3.) Contrary to Plaintiff's argument, raising an affirmative defense of invalidity in no way guarantees that the Court will decide the issue. Courts have long recognized this problem in patent litigation: "[O]bviously, upon trial, the District Court may finally dispose of the dispute by finding merely that there has been no infringement, leaving the question of validity wholly undetermined. . . . Defendant may not be satisfied with a judgment of noninfringement. . . . [and asserts] a substantial interest in an adjudication of non-validity." *Trico Prods.*, 147 F.2d at 722. In addition, in the absence of a counterclaim, a finding of non-infringement may tempt the Court to decline to render a decision on the patent's validity, on the ground the issue is mooted by the judgment of non-infringement. *See Hofstadter*, 118 F. Supp. at 479 (counterclaims of non-infringement and invalidity permissible, as disposition of case based on non-infringement may moot the issue of validity). Accordingly, the only way to ensure that the issue of validity is adjudicated is through a counterclaim for declaratory relief. *See Altvater*, 319 U.S. at 363 (decision of non-infringement does not dispose of the counterclaim which raises the question of validity); *Burgess & Assocs., Inc. v. Klingensmith*, 487 F.2d 321, 324 (9th Cir. 1973) (issue of patent validity not mooted by determination of non-infringement because validity was challenged by counterclaim).

Despite the well-reasoned view of the overwhelming weight of case authority, including the United States Supreme Court, Plaintiff argues that dismissal of Defendants' claims here for "redundancy" is warranted, and cites to anomalous and inapposite case law in support of his position. However, Plaintiff's reliance on *Scruggs v. Casco Corp.*, 32 F. Supp. 625 (D. Conn. 1940) and *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 269 F. Supp. 2d 1213 (C.D.

7

Cal. 2003), *aff'd*, 380 F.3d 1154 (9th Cir.), *vacated on other grounds and remanded to* 545 U.S. 913 (2005) is entirely misplaced. *Scruggs* was decided three years prior to the benefit of the United States Supreme Court's "conclusive" pronouncement in *Altvater* (and its progeny, including its subsequent affirmance in *Cardinal Chem.*) that the issue of validity may be raised by counterclaim in a patent infringement lawsuit, and *Scruggs'* terse one page, seven paragraph opinion is now widely regarded as no longer representing good law. *See* 6 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1406 (3d ed.); *Echostar Satellite LLC v. Freetech Inc.*, No. C 07-06124, 2008 U.S. Dist. LEXIS 123261, at *8 (N.D. Cal. 2008) (*Scruggs* reflects the prior view that "[t]here was once some question as to whether a counterclaim based upon essentially the same facts as a claim in the complaint should be dismissed or stricken as redundant."); *Oneida Tribe of Indians of Wis. v. Village of Hobart*, 500 F. Supp. 2d 1143, 1150 n.3 (E.D. Wis. 2007) (*Scruggs* is contrary to the majority rule and is contrary to the "better policy"); *Benz v. J. Laskin & Sons Corp.*, 43 F. Supp. 799, 803 (E.D. Wis. 1942) (declining to follow *Scruggs*).

The second case primarily relied on by Plaintiff,[1] *Grokster*, is inapt as it is not a patent infringement case, and concerns the issue of whether the new and unsettled doctrine of copyright misuse can be raised as a counterclaim to copyright violation. 269 F. Supp. 2d at 1225–1227. *Grokster* has little, if any, application to the instant matter that involves patent litigation issues that have already been conclusively ruled upon by the United States Supreme Court. To the extent Plaintiff attempts to argue *Grokster* stands for the proposition that redundant counterclaims are subject to dismissal, such a proposition is anomalous in the field of patent litigation and is contrary to the overwhelming weight of patent case authority. Moreover,

---

[1] The remaining cases cited by Plaintiff stand only for general legal propositions, are not patent cases, and are otherwise not germane to any of the issues in dispute.

*Grokster's* relevance within the realm of copyright law is also suspect, as other courts have expressly refused to follow its holding. *See, e.g., Apple, Inc. v. Psystar Corp.*, 2009 U.S. Dist. LEXIS 14370, at *8 n.3 (N.D. Cal. 2009) (to the extent *Grokster* suggests copyright misuse may not be asserted as a counterclaim, the court respectfully disagrees); *Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, 790 F. Supp. 2d 1024, 1033–34 (N.D. Cal. 2011) (declining to follow *Grokster*). The better reasoned and more persuasive rationale is that counterclaims for non-infringement and invalidity in patent actions serve an important purpose and should be permitted.

In the present matter, there is the very real possibility that the judgment of the Plaintiff's claims in this matter—which will involve four different patents at issue, pertaining to different aspects of the accused product line, and also will involve potential application of alternative and dispositive defenses of estoppel, dedication to public and laches—will not result in an adjudication regarding the invalidity or non-infringement of all four patents at issue. For this reason, Defendants' counterclaims for non-infringement and invalidity are necessary to assure an adjudication of these key issues.

### 2. The Counterclaims Protect Against Plaintiff's Voluntary Withdrawal Of The Complaint.

Defendants' counterclaims also protect against the possibility that Plaintiff voluntarily withdraws his claims and leaves the rights of the parties in uncertainty. *See The Proctor & Gamble Co.*, 2013 U.S. Dist. LEXIS 136675, at *18 ("[A] counterclaim in a patent infringement case serves a useful purpose because, without the counterclaim the plaintiff might withdraw the suit and leave the rights of the parties in uncertainty.") (internal quotations and citation omitted). While the requirements of FED. R. CIV. PROC. 41 provide Defendants with some protection against a capricious withdrawal by Plaintiff of his Complaint, it does not assure that the case will be adjudged on its merits like the counterclaims for declaratory relief. *See Hofstadter*, 118 F.

9

Case 4:13-cv-01072-BCW   Document 26   Filed 03/10/14   Page 14 of 17

Supp. at 479 ("While the need for a counterclaim seeking declaratory judgment is diminished by this Rule [41], it is by no means extinguished."); *Dominion Elec. Mfg.*, 126 F.2d at 174 ("While Rule 41 affords some measure of protection to defendants, yet it is limited to a dismissal upon such terms and conditions as the court deems proper."). Thus, Defendants should be permitted to maintain their counterclaims to insure against Plaintiff's strategic withdrawal of his patent infringement claims.

### 3. It Is Too Early To Assess How The Pending California Lawsuit May Affect This Litigation.

Plaintiff may argue that Defendants' rights are already adequately protected by virtue of the pending patent lawsuit in California. However, Plaintiff has asserted that the California lawsuit is subject to dismissal under the "first-filed" doctrine, and therefore the existence of that pending lawsuit should not factor in this Court's analysis. (Dkt. No. 25 at 4–5.) Should any of the claims for declaratory relief in the California lawsuit be dismissed for procedural reasons, the instant lawsuit will remain the only option for Defendants to secure legal determinations of the issues of non-infringement and invalidity of the subject patents.

Moreover, even if the claims in the California lawsuit remain in full, the doctrines of collateral estoppel and judicial comity may necessitate the resolution of certain dispositive issues in this lawsuit. Until issues of coordination are resolved,[2] Plaintiff suffers no prejudice by inclusion of the counterclaims in this action, and the Court has the discretion to dismiss certain claims and defenses after the record has been more fully developed. *See Dominion Elec. Mfg.*, 126 F.2d at 174 (recognizing that the court "will be better able to appraise the need of the defendant for affirmative relief after a consideration of both the bill and the counterclaim upon the merits, than in a preliminary hearing on a motion to dismiss"). On the other hand, a

---

[2] Defendants have moved to transfer this lawsuit to the Central District of California and intend to move to consolidate the two lawsuits if the motion is granted.

premature dismissal of Defendants' counterclaims, without the benefit of the knowledge of how the record will be developed and how the California lawsuit will affect the present matter, not only contravenes the overwhelming weight of established patent jurisprudence, but also serves no legitimate purpose at the expense of severely prejudicing Defendants. Defendants should be entitled to a legal determination on the issues of non-infringement and invalidity of the patents at issue, which may require prosecution of their counterclaims for declaratory relief in this matter.

## V. CONCLUSION

For the foregoing reasons, Defendants Shinhan Diamond Industrial Co., Ltd. and Diteq Corporation respectfully request that Plaintiff Dr. James Sung's Motion to Dismiss Defendants' Counterclaims be denied in its entirety.

Dated: March 10, 2014        By: */s/ Darryl M. Woo*

    DARRYL M. WOO (CSB No. 100513)
    *Admitted pro hac vice*
    BRYAN A. KOHM (CSB No. 233276)
    *Admitted pro hac vice*
    FENWICK & WEST LLP
    555 California Street, 12th Floor
    San Francisco, CA 94104
    Telephone: (415) 875-2300
    Facsimile: (415) 281-1350

    Scott A. Wissel MO #49085
    LEWIS, RICE & FINGERSH, LC
    1010 Walnut Street, Suite 500
    Kansas City, MO 64106
    Telephone: (816) 472-2568
    Facsimile: (816) 472-2500

    Attorneys for Defendants
    SHINHAN DIAMOND INDUSTRIAL CO.,
    LTD and DITEQ CORPORATION

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 10th day of March, 2014, I electronically filed the foregoing Defendants Shinhan Diamond Industrial Co., Ltd. and Diteq Corporation's Suggestion in Opposition to Plaintiff's Motion to Dismiss Counterclaims with the Clerk of the Court using the CM/ECF System, which will send a notice of electronic filing to Plaintiffs and all counsel of record.

                                              /s/ Darryl M. Woo
                                                  Darryl M. Woo
                                                  Attorneys for Defendants